# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION

FILED

March 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
| MICHAEL ALLEN UNDERWOOD, | ) | NO. 02C01-9701-CR-00032 |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. W. FRED AXLEY, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**DAVID M. LIVINGSTON**
111 West Main Street
Brownsville, TN 38012

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**KENNETH W. RUCKER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**TERRELL L. HARRIS**
Assistant District Attorney General
201 Poplar Street, Suite 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The petitioner, Michael Allen Underwood, appeals the trial court's denial of post-conviction relief. The trial court found the state met its burden of proving by clear and convincing evidence the petitioner knowingly and voluntarily pled guilty to various offenses. The judgment of the trial court is affirmed.

**I.**

In September 1986, the petitioner pled guilty to two (2) counts of burglary and one (1) count of receiving stolen property. He was sentenced to concurrent four (4) year sentences for the burglary charges and one (1) year for receiving stolen property.

In 1988, the petitioner filed a post-conviction petition alleging his guilty pleas were not knowingly and voluntarily entered and were constitutionally infirm since he was not advised of certain constitutional rights. The trial court held a hearing in June 1992, and found the pleas to be valid. This Court remanded for a harmless error analysis as outlined in Johnson v. State, 834 S.W.2d 922 (Tenn. 1992). Michael Allen Underwood v. State, C.C.A. No. 02C01-9207-CR-00163, Shelby County (Tenn. Crim. App. filed June 2, 1993, at Jackson). Specifically we found the trial court improperly placed the burden of proving the pleas were involuntary or unknowing upon the petitioner instead of the state.

The trial court subsequently reviewed the record and concluded any previous errors were harmless because the evidence showed clearly and convincingly that the petitioner was aware of his constitutional rights at the time his pleas were entered.[1] That ruling is the basis of this appeal.

---

[1]No new proof was heard by agreement of the parties.

## II


The United States Supreme Court in <u>Boykin v. Alabama</u>, 395 U.S. 238, 244, 89 S.Ct. 1709, 1713, 23 L.Ed.2d 274 (1969), held that defendants must waive certain rights in order for their decision to plead guilty to be considered knowing and voluntary. These rights include the right to a jury trial, the right to confront witnesses, and the right against self-incrimination. <u>Id.</u> These rights cannot be validly waived without an intentional relinquishment, which cannot be presumed from a silent record. <u>Id.</u> To ensure guilty pleas are entered "knowingly and intelligently," <u>Boykin</u> instructs the trial court to discuss with the accused the consequences of the decision. 395 U.S. at 244, 89 S.Ct. at 1712.

When a trial court fails to advise an accused of these rights, the burden shifts to the state to prove a constitutional plea. <u>Johnson v. State</u>, 834 S.W.2d at 925. The failure does not, in and of itself, entitle the defendant to relief, however. <u>Id.</u> The state may prove by clear and convincing evidence either substantial compliance with the advice requirement by showing the petitioner was made aware of his constitutional rights, or that the petitioner independently knew of his constitutional rights, rendering the trial court's omission harmless. <u>Id.</u>

The standard for determining substantial compliance or harmless error necessarily requires inquiry into circumstantial factors surrounding the plea. <u>Blankenship v. State</u>, 858 S.W.2d 897, 904 (Tenn. 1993), (<u>citing</u> <u>Caudill v. Jago</u>, 747 F.2d 1046, 1052 (6th Cir. 1984)). The relative intelligence of the defendant, the degree of his familiarity with criminal proceedings, the opportunity to confer with competent counsel regarding plea options, the extent of advice from counsel and the court regarding the charges faced, and the desire to avoid a greater punishment resulting from a jury trial are all relevant factors a court could use to find a "knowing" and "intelligent" plea. <u>Blankenship</u>, 858 S.W.2d at 904.

3

**III.**

The Tennessee Supreme Court established guidelines for reviewing guilty pleas in State v. Neal, 810 S.W.2d 131 (Tenn. 1991). The Court held that "absolutely literal compliance with the advice to be given is not required." Id. at 137. "Substantial compliance" would suffice as long as the "sense of the substance of the required advice . . . is [expressed to an accused prior to a plea of guilty]." Id.

Blankenship v. State presented our Supreme Court with a nearly identical situation to the case *sub judice*. Blankenship entered guilty pleas without being explicitly forewarned that he had a right not to incriminate himself. 858 S.W.2d at 899. The pleas were found in all other aspects to be "knowing" and "voluntary." Id. The Court found, based on federal law as well as its decision in Neal, a failure to precisely recite the three "Boykin rights" does not automatically entitle a petitioner to relief from the effects of prior guilty pleas. Id. at 905.[2] The omission of advice regarding the right against self-incrimination was found to be "at most, harmless" under the facts and circumstances of the case. Id.

**IV.**

Upon remand, the trial court in this case found the state proved by clear and convincing evidence the petitioner was aware of his rights and, accordingly, ruled the guilty pleas knowing and voluntary.

Specifically, the trial court found the petitioner pled guilty to similar crimes four (4) years prior to the pleas in the present case. At that time the petitioner was advised of his right to plead not guilty and go to trial, right to counsel, right to cross-examine witnesses, call witnesses on his own behalf, and appeal. In addition he executed a written waiver of various rights. A similar written waiver

_____

[2]The opposite is also true; simply enumerating the three rights, without more, will not establish the pleas were voluntarily and knowingly entered. Blankenship, 858 S.W.2d at 905.

was executed by petitioner upon entry of the subject guilty pleas. The trial court found the petitioner to be less than credible and quoted numerous inconsistencies in his testimony. The trial court further noted the petitioner had graduated from high school and attended some college. When it examined the evidence as a whole, the trial court concluded the state had met its burden of proving by clear and convincing evidence substantial compliance and harmless error regarding the advice requirements.

**V.**

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, ___ S.W.2d ___ (Tenn. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley v. State, ___ S.W.2d at ___; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Henley v. State, ___ S.W.2d at ___; Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley v. State, ___ S.W.2d at ___; Black v. State, 794 S.W.2d at 755.

We find the evidence does not preponderate against the trial court's findings; therefore, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**JOE B. JONES, PRESIDING JUDGE**



_____
**PAUL G. SUMMERS, JUDGE**